09-5174-cv
O'Neil v. Ponzi-Flett

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the first day of October, two thousand and ten.

PRESENT:

       JOHN M. WALKER, JR.,
       JOSÉ A. CABRANES,
              *Circuit Judges,*
       SHIRA A. SCHEINDLIN,
              *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AIMEE O'NEIL,

       *Plaintiff-Appellant,*

M.O.

       *Appellant,*

       -v.-                  No. 09-5174

FLOYD WEENO PONZI, MARY PONZI FLETT

       *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Shira A. Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PLAINTIFF-APPELLANT:**        Aimee O'Neil, Minetto, NY, *pro se*.

Appeal from a February 9, 2010 judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Aimee O'Neil, *pro se*, brought this civil action *in forma pauperis* under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* After providing O'Neil with an opportunity to amend her complaint, the District Court—acting *sua sponte* pursuant to 28 U.S.C. § 1915(e)—dismissed O'Neil's amended complaint as frivolous and for failing to meet the requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b). O'Neil's notice of appeal, liberally construed, challenges the February 9, 2010, order of the District Court.[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). Though we read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman*, 470 F.3d at 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We must dismiss *pro se* complaints that are frivolous or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B) ([a] court "shall dismiss" a complaint filed *in forma pauperis* "at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A plaintiff asserting a RICO violation must demonstrate "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (citations and internal quotation marks omitted; alteration in original). To adequately plead the causation element of a RICO claim, the plaintiff must allege that the defendant's conduct was the "legal, or proximate, cause of [her] injury, as well as the logical, or 'but for,' cause." *Id.* at 283-84 (citing *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys.*, 271 F.3d 374, 380 (2d Cir. 2001)).

---

[1] O'Neil filed a notice of appeal from "a terminated order" on December 14, 2009, after entry of the Report and Recommendation of the Magistrate Judge, but before entry of the judgment of the District Court. Accordingly, consistent with the "special solicitude" shown to *pro se* litigants, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), we construe O'Neil's notice of appeal as "filed after the Court announces a decision . . . but before the entry of the judgment" pursuant to Fed. R. App. P. 4(a)(2). The notice of appeal is therefore treated as timely and filed on the date of and after the entry of final judgment. *Id.*

O'Neil's amended complaint, even when read liberally, fails to contain a "a short and plain statement of the claim" entitling her to relief. Fed. R. Civ. Pro. 8(a)(2). Instead, O'Neil indulges in a prolix and unintelligible "conspiracy theory novel," *Gollomp v. Spitzer*, 568 F.3d 355, 371-72 (2d Cir. 2009) (internal quotation marks omitted), which fails to allege that defendants' conduct was the legal, much less the logical, cause of her injury. Thus, while we have "repeatedly cautioned against *sua sponte* dismissals of *pro se* . . . complaints prior to requiring the defendants to answer," *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988), it is well settled that "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible . . . or where the substance of the claim pleaded is frivolous on its face," *id.* at 42, § 1915(e) permits a district court to dismiss the complaint *sua sponte*. We therefore conclude that the District Court correctly dismissed O'Neil's amended complaint.

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court